Hornbloweb, C. J.
The plaintiff'in Certiorari seeks to reverse and set aside the judgment and proceedings in this case, simply upon the ground, that it does not appear by the sheriff’s return, that he executed the writ, in all respects in the precise manner directed by the act of Assembly.. By the 4th sec. of the Statute, Rev. L. 356, it is enacted, “ That the writ of Attachment shall be executed in the following manner: that is to say, The officer shall go to the house or lands of the defendant, or to the *101 person, or house of the person, in whose custody or possession, the defendant’s property and estate may be, and then and there declare in the presence of one credible person, at the least, that he attaches the right's and credits, moneys and effects, goods and chattels, lauds and tenements of such defendant, at the suit of the plaintiff, in the said writ named.” The next section directs, that the officer “with the assistance of one discreet and impartial freeholder,” shall make a just and true inventory, &c., and that he shall endorse on the writ, the true time of executing the same, &c.
It appears by the sheriff’s return in this case, that he executed the writ by attaching a balance of rent, of fifteen dollars, due the defendant in attachment, from David Johnson ; and by seizing several houses and lots of land which are described in his return; and that he so executed the said writ, “ by going to the premises mentioned, and then and there declaring in the presence of Joel Gordon, a credible person, that he attached the same.” But the sheriff does not say in Ins return, that he went to David Johnson ; nor to the house of David Johnson, nor that he declared in the presence of one credible person, that he attached the property “ at the suit of the plaintiff named in the writ.” And though the sheriff has annexed to the return, an inventory and appraisement of the property attached, which is signed by him and by the said Joel Gordon ; yet it no where appears on the return, that the inventory and appraisement was made “ with the assistance of one discreet and impartial freeholder.” For these reasons it is insisted that the writ was improperly executed, and the whole subsequent proceedings coram nonjudiae, and void. If this be so, it is probable there have been but very few instances, if any, in which the proceedings on writs of attachment, either in this Court, or elsewhere, have been properly conducted; for though all the returns may not have been imperfect in the particulars pointed out in this case, yet scarcely one can be found, I imagine, in which, something directed by the statute has not been omitted. But the argument of the plaintiff’s Counsel, is based upon a mistaken assumption. He supposes, because this is a statute remedy, it is to be governed by the same rigid rules that are applied to the execution of special delegated, and extra-judicial authorities. This is a mistake. The statute has only prescribed a new writ, or mode of bringing *102 a party defendant, into Court. If he appears, the suit proceeds according to the course of the common law. If he does not appear, the Court acts upon his property, the proceeding is in rem, and if the sheriff has actually seized any of his property, by virtue of the writ, that property is immediately considered as in the custody of the law, and gives the Court jurisdiction to proceed in the cause. Suppose the defendant in this case, had appeared at the return of the writ; or at the second or third term, and moved to quash the writ, not on the ground of any irregularity in issuing it, but on the ground that the sheriff had not made a full and complete return of the manner in which he had served it; ought the Court to have granted the motion and dismissed the suit? I think not. The return, if necessary, might have been amended, or if the Court could see by the return, a substantial service of the writ, they would hold on to the property attached, until the defendant by a personal appearance to the action, and a compliance with other requisites of the statute, should entitle himself to have the property delivered to him out of Court;. If the sheriff, by omitting to do, or by omitting to return that he had done, something which the statute directs him to do, prejudices either party, he may be liable to respond for the injury-done; but his omission will not deprive the Court of a right (o proceed in the cause.
This is a remedial statute, and as well upon legal principles as by its own express enactment in the 3 2d section, is to be liberally construed for the benefit of creditors. The provisions of the 4th and 5th sections are merely directory, and a substantial compliance with them, is all that is necessary. If the sheriff should return, as follows “I have served (or executed) the within writ, in the manner directed by law, this day of &c,” and sign his name thereto, and annex an inventory and appraisement of the property attached, signed by himself and a freeholder, it would be sufficient. It is not like the case of a summons, in a Court for the trial of small causes; there the statute directs, not only how it shall be served, but that the officer shall return how he served it: and if he does not do so; or if by his return it appears he has acted unlawfully, or if it does not appear, when and how and on whom he served it, the justice has no right to proceed in the absence of the defendant; and if he does, it will be error. *103 Rut the return in this case, does not shew any thing done, or left undone by the sheriff, contrary to law, it only fails to inform us that he went to the person or house of the garnishee, that he publicly declared that he attached, at the suit of the plaintiff in the writ, and that the person assisting him in making the appraisement, was an impartial freeholder: and yet all these things may have been done, in perfect consistency with his return. Judgment must be rendered for the defendant in Certiorari.
Ford and Ryerson, Justices, concurred.

Judgment for the Defendant.

Cited in Morrel v. Buckley, Spencer 669; Castner v. Styer, 3 Zab. 247; Tomlinson v. Stiles, 4 Dutcher 204: Boyd v. King, 7 Vr. 136; Curtis v. Steever, 7 Vr. 306.